IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

AMANDA BECKER-HENSKE,

       Plaintiff,

       v.

BRIAN K. BRAGG and CITY OF
SPRINGFIELD, a municipal corporation,

       Defendants.
_____

Case No. 6:23-cv-00915-MC

OPINION AND ORDER

MCSHANE, Judge:

Plaintiff Amanda Becker-Henske filed this action pursuant to 42 U.S.C. § 1983 against Springfield Police Officer Brian Bragg and the City of Springfield, alleging Defendants violated her First, Fourth, and Fourteenth Amendment rights. Pl.'s Compl., ECF No. 1. Defendants now move for summary judgment on all claims brought by Plaintiff. Defs.' Mot., ECF No. 15. Plaintiff filed a Response. Pl.'s Resp., ECF No. 19. Defendants, apparently satisfied with the merits of their motion, did not file a reply.

Because questions of fact remain concerning Plaintiff's *Monell* claims and Defendant Bragg's claim of qualified immunity, Defendants' Motion for Summary Judgment is DENIED.

## **BACKGROUND**

On June 24, 2022, Plaintiff was serving as an observer and self-described medic during a protest that arose in Eugene regarding the Supreme Court's decision to overturn *Roe v. Wade*.

Pl.'s Compl. ¶ 9. Plaintiff claims she was clearly labeled as a medic, with a patch on her hat, a white cross on her forearm, and the word "medic" on her bag. First Dugan Decl. Ex. C, at 12, ECF No. 20.[1] Plaintiff contends she spoke with a Eugene Police Department sergeant, who directed her where to stand on the sidewalk during the protest, and that she complied. *Id.*; Pl.'s Compl. ¶ 12.

At around 12:15 a.m. on June 25, Springfield Police Department officers arrived at the protest at the request of the Eugene Police Department. First Dugan Decl. Ex. K, at 2. Defendant Bragg was one of these Springfield Police Officers. First Dugan Decl. Ex. Q, at 1.

Shortly after Defendant Bragg's arrival, he and Plaintiff had what Defendants characterize as "an interaction." Defs.' Mot. 3. Defendant Bragg's body camera footage captures some of this event; however, the crosstalk, background noise, and camera angle are such that the picture of events is incomplete. Second Dugan Decl. Ex. E, ECF No. 21. The footage shows that Defendant Bragg walked towards Plaintiff and ordered her to move. *Id.* at 03:50–04:20. Plaintiff stood in place with her hands up, attempted to explain that she was told to stand where she was, and repeatedly expressed that she was a medic. *Id.*; *see also* First Dugan Decl. Ex. C, at 16. At her deposition, Plaintiff claimed that she was receiving simultaneous conflicting orders from different Eugene and Springfield officers about where she should stand as Defendant Bragg approached her. First Dugan Decl. Ex. C, at 10–12, 33–34. She therefore did not immediately comply with Defendant Bragg's order. Second Dugan Decl. Ex. E, at 03:50–04:20. Defendant Bragg then made physical contact with Plaintiff. The camera footage does not assist in showing exactly what happened. Second Dugan Decl. Ex. E, 04:20–04:35. Plaintiff claims that Defendant Bragg hit her twice with his baton, hitting her lip and her chest. First Dugan Decl. Ex. C, at 16.

---

[1] Page numbers correspond with PDF pagination.

Plaintiff also claims that she kept her hands up during the entire interaction and never attempted to grab Defendant Bragg's baton. *Id.* at 24–26. Defendants do not offer a different account of events, and the facts are not developed further in the record before the Court. The Court is left to imagine that Defendant Bragg would recall events differently.

## LEGAL STANDARD

On summary judgment, the moving party bears an initial burden to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When the moving party has met its burden, the non-moving party must present "specific facts showing that there is a genuine" dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting Fed. R. Civ. P. 56(e)). A dispute is considered "genuine" if the "evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it could affect the outcome of the case. *Id.* The court reviews evidence and draws inferences in the light most favorable to the non-moving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)).

## DISCUSSION

Against the City of Springfield, Plaintiff brings two claims for violations of her Fourth and Fourteenth Amendment rights, seeking to establishing *Monell* liability under 42 U.S.C. § 1983. Pl.'s Compl. 5–9. Against Defendant Bragg individually, Plaintiff also asserts two claims for violations of her Fourth and Fourteenth Amendment rights pursuant to § 1983, and as well as one additional claim for retaliation. *Id.* at 4–8.

Although Defendants "move this Court for an order dismissing Plaintiff's claims," their seven-page Motion does nothing to contest what appears to be a genuine dispute of fact as to those claims. It frankly fails to even address each claim asserted against Defendants.

**I. Claims against the City**

Count Two of Plaintiff's First and Second Claims for Relief allege that the City maintains an unlawful practice or policy of allowing indiscriminate use of force as a tactic to disperse crowds. Pl.'s Compl. 5–9.

A municipality may be liable under § 1983 when the execution of the municipality's policy or custom inflicts a constitutional deprivation or injury. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Municipal liability may be based on any of three theories: (1) an official policy, (2) an unofficial custom or practice, or (3) the decision of someone with final policymaking authority. *Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004). "In order to avoid summary judgment, a plaintiff need only show that there is a question of fact regarding whether there is a city custom or policy that caused a constitutional deprivation." *Wallis v. Spencer*, 202 F.3d 1126, 1136 (9th Cir. 2000). A "policy 'causes' an injury where it is 'the moving force' behind the constitutional violation." *Chew v. Gates*, 27 F.3d 1432, 1444 (9th Cir. 1994) (citing *Monell v. Dept. of Soc. Serv. Of City of N.Y.*, 436 U.S. 658, 694 (1978)).

Here, Defendants move for summary judgment on Plaintiff's *Monell* claims, arguing that Plaintiff cannot establish *Monell* liability because she cannot produce "*any* facts to show that a policy, custom, or practice was the cause of her alleged damages." Defs.' Mot. 5-6 (emphasis in the original).

Plaintiff responds, however, by pointing to the written Springfield Police Department policy on baton use and providing it for the record. Pl.'s Resp. 8–9. The relevant section of the policy is as follows:

> It shall be the individual officer's discretion to deploy the baton. The following prescribed use shall be adhered to:
>
> 1.   Members may carry only Department approved batons.
>
> 2.   Members may use their baton:
>      a) To overcome resistance by a person being taken into custody.
>      b) As a defense when the member (or another person) is being assaulted; or
>      **c) When controlling civil disorder.**
>
> 3.   Except when deadly force is justifiable, members shall not use their baton to strike the head of a person.

First Dugan Decl. Ex. A, at 2, ECF No. 20 (emphasis added). Plaintiff argues that this municipal "policy does not adequately protect people from excessive force by its officers' use of batons, both because it fails to address baton strikes as 'intermediate' force, and because it limits the 'deadly force' warning to head strikes." Pl.'s Resp. 10–11.

The existence of this policy rebuts Defendant's contention that Plaintiff cannot produce "*any* facts to show that a policy, custom, or practice was the cause of her alleged damages." Because this policy permits the use of batons when controlling civil disorder, a reasonable jury might infer that Defendant Bragg was acting pursuant to this policy when he allegedly struck Plaintiff in the chest. As Plaintiff has demonstrated a question of fact regarding whether this policy was the moving force behind her alleged injuries, it would be inappropriate to grant summary judgment on her *Monell* claims. However, Plaintiff's Response goes on further to provide two alternative theories of liability: delegation of authority through lack of policy and

ratification. Pl.'s Resp. 11–14. Defendants did not file a reply and do not present any other arguments on Plaintiff's *Monell* claims, so these alternative theories go uncontested.

Defendants have failed to meet their summary judgment burden as to the *Monell* claims.[2]

**II. Claims against Defendant Bragg**

Plaintiff asserts three claims against Defendant Bragg for violations of her First, Fourth, and Fourteenth Amendment rights. Pl.'s Compl. 4–10. In moving for summary judgment as to those claims, Defendants do not engage with Plaintiff's underlying factual allegations, nor do they even mention Plaintiff's retaliation claim. *See generally* Defs.' Mot. Rather, Defendants assert that they are entitled to judgment as a matter of law solely because Defendant Bragg "is entitled to qualified immunity under 42 U.S.C. § 1983." Defs.' Mot. 6.

Government officials are entitled to qualified immunity unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In this case, Defendant Bragg asserts that he is entitled to qualified immunity on all claims against him in his individual capacity, arguing that he could not have violated Plaintiff's constitutional rights because "it was not her constitutional right to ignore police orders and stay in place regardless of what she claims she was previously told." Defs.' Mot. 7. But Plaintiff's claim does not rely on the theory that it was her constitutional right to disobey police orders. Plaintiff's constitutional right is to be free from excessive force and retaliation from the police. There is a factual dispute as to the retaliatory or assaultive nature of Defendant Bragg's actions. Retaliatory or intentionally assaultive conduct by

---

[2] This Court notes that Defendants' Motion contains the following statement: "For Plaintiff to prevail on her claim, she must establish that (1) it was the City's standard operating procedure to not train its officers to treat people of color equally and with respect, and (2) the City's policy was the 'cause in fact [and] proximate cause of the constitutional deprivation,' which Plaintiff complains of." Defs.' Mot. at 4. It also contains a footnote denoting this as "[t]he sole claim against the City of Springfield." *Id.* Neither of these statements accurately reflect the instant case or Motion. Rather, both appear to be directly recycled from a different case. *See* Defendants' Motion for Summary Judgment at 5, *Carr v. Springfield*, No. 6:21-cv-1402-MC (D. Or. 2024), ECF No. 45.

6 – Opinion and Order

law enforcement is not protected by qualified immunity and is a factual determination for the jury.

Because he has not met his initial burden of demonstrating the absence of triable issues, summary judgment must be denied. The qualified immunity defense remains available to Defendant Bragg at trial and appropriate interrogatories can be put to the jury on the verdict form.

Although the Court is denying the motion in its entirety at this time, Plaintiff's Second Claim for Relief, alleging deliberate indifference to Plaintiff's Fourth and Fourteenth Amendment rights, remains unclear to the Court both in theory and applicability. If Plaintiff expects to go forward on this claim at trial (and perhaps confuse the jury as much as the Court), the Court will entertain supplemental briefing that can be taken up at the pre-trail conference, still to be set.

## **CONCLUSION**

The Motion for Summary Judgment (ECF No. 15) is DENIED.

IT IS SO ORDERED.

DATED this 1st day of November, 2024.

                          ___s/Michael J. McShane_____
                                Michael J. McShane
                            United States District Judge